IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COURTNEY DUNN,

        Plaintiff,

v.

ANTHEM MEDIA, LLC,

        Defendant.

CIVIL ACTION

No. 10-2074-CM

## MEMORANDUM AND ORDER

Plaintiff Courtney Dunn brings this action, alleging claims of pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), against defendant Anthem Media, LLC. This matter is before the court on Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. 9). For the following reasons, defendant's motion is denied.

Defendant argues that plaintiff has failed to comply with the heightened fact-pleading requirements of Federal Rule of Civil Procedure 8(a)(2) and recent Supreme Court precedent—*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). Under *Twombly* and *Iqbal*, a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570; *see also Iqbal*, 129 S.Ct. at 1949. The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247−48 (10th Cir. 2008). In ruling on a motion to dismiss for failure to state a claim, the court assumes as true all well-pleaded facts in plaintiff's

complaint and views them in a light most favorable to plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

Among other allegations, plaintiff's complaint states: defendant was her employer; plaintiff told defendant she was pregnant; defendant told plaintiff she was being terminated because she was pregnant; defendant immediately advertised for plaintiff's position; plaintiff's last day of work was in January 2009; defendant's actions were willful; and plaintiff was damaged. Upon review of plaintiff's complaint, the court finds that plaintiff has set forth allegations sufficient to state a claim of pregnancy discrimination under *Twombly* and *Iqbal*. *See Homburg v. United Parcel Serv., Inc.*, No. 05-2144-KHV, 2006 WL 2092457, at *8 (D. Kan. 2006) ("The Pregnancy Discrimination Act ("PDA") amended Title VII in 1978 to bring the condition of pregnancy within the definition of sex discrimination."); *see also Atchley v. Nordam Group, Inc.*, 180 F.3d 1143, 1148 (10th Cir. 1999) (explaining the analysis of pregnancy discrimination claims).

Defendant's next arguments rely on evidence outside of the pleadings, and thus, the court must consider plaintiff's motion to dismiss as a motion for summary judgment. Fed. R. Civ. P. 12(d) (When "matters outside the pleading are presented to and not excluded by the court, the court must treat the motion as one for summary judgment under Rule 56."). Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).

Plaintiff, however, argues that defendant's summary judgment motion is premature. Under Rule 56(f), "'summary judgment [should] be refused where the nonmoving party has not had the

opportunity to discover information that is essential to his opposition.'" *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1264 (10th Cir. 2006) (quoting *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000)). "A party seeking to defer a ruling on summary judgment under Rule 56(f) must 'file an affidavit that explain[s] why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts.'" *Semsroth v. City of Wichita*, No. 06-2376-KHV, 2008 WL 640840, at *1 (D. Kan. Mar. 6, 2008) (quoting *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007)). A party must specifically state how the additional information will rebut summary judgment. *Id.*

Plaintiff filed an affidavit declaring, under penalty of perjury, that she needed additional time to respond to defendant's motion in order for her attorneys to depose three witnesses: Brian Weaver, Matthew Barksdale, and Angela Weaver. Plaintiff's affidavit does not provide the detail required by Rule 56, *see e.g., Semsroth*, 2008 WL 640840, at *2; however, when combined with her response in opposition to defendant's motion, it is clear that there are disputed questions of fact that preclude summary judgment at this stage of the proceeding. It is also clear that these factual disputes may be resolved with further discovery. For example, the parties dispute facts related to whether defendant is considered plaintiff's employer and whether defendant employed 15 or more employees during the relevant time period. Information on both of these issues will be provided in the depositions plaintiff seeks time to conduct. Accordingly, the court finds that defendant's motion for summary judgment is premature.

The court dismisses defendant's motion without prejudice. Defendant may refile its motion at the appropriate time—when the parties are in a position to fully brief the facts and legal issues relevant to plaintiff's claims—in accordance with the court's Scheduling Order (Doc. 6).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. 9) is denied.  Defendant may re-raise its arguments in a motion for summary judgment in accordance with the court's Scheduling Order (Doc. 6).

Dated this 9th day of July 2010, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**