IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COURTNEY DUNN,

        Plaintiff,

v.                                                Case No. 10-2074-CM

ANTHEM MEDIA, LLC,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff brings claims for pregnancy discrimination against her employer under Title VII. The matter comes before the Court on Defendant's Motion for Order Compelling Discovery (ECF No. 38). Pursuant to Federal Rule of Civil Procedure 37, Defendant asks the Court to overrule objections of irrelevancy and order Plaintiff to answer its First Interrogatory Nos. 7, 8, and 9. These interrogatories seek information from Plaintiff regarding when she contacted legal counsel and whom she contacted, and how long and how frequently she nursed her newborn.[1] As set forth below, the Court sustains the objections of irrelevancy and denies the motion.

**I.    Discovery regarding when Plaintiff contacted legal counsel and whom she contacted**

Defendant seeks to compel Plaintiff to answer Interrogatory Nos. 7 and 8. Interrogatory No. 7 asks her to state the date she first consulted legal counsel about her employment in 2008, and the names of the persons consulted. Interrogatory No. 8 requests that Plaintiff identify all the other

---

[1] Defendant's motion to compel originally sought to compel Plaintiff to also produce health, medical, and healthcare records. After the motion was filed, Plaintiff provided these records. The Court therefore finds the motion moot as to these records.

attorneys consulted regarding her employment and the date of such consultations. Plaintiff objected to both interrogatories as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. It provides that the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."[2] Relevancy is broadly construed, and a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[3] Furthermore, "the touchstone of the relevancy of documents and information requested is not whether the discovery will result in evidence that is, or even may be, admissible at trial, but rather whether the discovery is 'reasonably calculated to lead to the discovery of admissible evidence.'"[4] "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."[5]

When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption

---

[2] Fed. R. Civ. P. 26(b)(1).

[3] *McBride v. Medicalodges, Inc.,* 250 F.R.D. 581, 586 (D. Kan. 2008).

[4] *Id.* (quoting Fed. R. Civ. P. 26(b)(1)).

[5] Fed. R. Civ. P. 26(b)(1).

in favor of broad disclosure.[6] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[7] Relevancy determinations are generally made on a case-by-case basis.[8]

The Court initially finds that Interrogatory Nos. 7 and 8 do not appear on their face to seek information relevant to the claims and defenses in the case. Defendant, consequently, has the burden to establish the relevance.

Defendant argues that the requested information is relevant to determining if Plaintiff considered herself the victim of unlawful discrimination in 2008, the year when Defendant did not have at least 15 employees, as required by 42 U.S.C. § 2000e(b). It asserts that the date Plaintiff first consulted an attorney about the alleged discrimination is evidence of when she believed the discrimination occurred. Defendant cites *Robbins v. Max Mara, U.S.A., Inc.*[9] to support its argument that the information is relevant to determining the date the alleged discrimination first occurred. It contends that such date determines the current and preceding year for purposes of establishing whether defendant had the requisite number of employees under 42 U.S.C. § 2000e(b). Defendant also relies upon the Tenth Circuit case *Hulsey v. Kmart, Inc.*[10] for the principle that a cause of action accrues on the date the employee is notified of an adverse employment decision.

---

[6] *Id.; Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[7] *McBride,* 250 F.R.D. at 586.

[8] *Employers Commercial Union Ins. Co. of Am. v. Browning-Ferris Indus. of Kansas City, Inc.*, Civ. A. No. 91-2161-JWL, 1993 WL 210012, at *3 (D. Kan. Apr. 5, 1993).

[9] 914 F. Supp. 1006, 1008 n.2 (S.D.N.Y. 1996), *abrogated on other grounds by Morelli v. Cedel,* 141 F.3d 39, 45 n.1 (2d Cir. 1998).

[10] 43 F.3d 555, 557 (10th Cir. 1994) (case under the Age Discrimination in Employment Act (ADEA)).

The Court is not persuaded by Defendant's relevancy arguments that the date Plaintiff first consulted an attorney is relevant to determining what year the discrimination first occurred or when her cause of action accrued for purposes of determining whether Defendant had the requisite number of employees under 42 U.S.C. § 2000e(b). As Defendant points out in its reply, the relevant considerations are when the decision to terminate and the notification of that decision were made. The relevant facts therefore would be when the employer decides to terminate and notifies the employee of its decision. When the employee first consults with an attorney about a discrimination claim does not determine those facts. Her first consultation could have pre-dated or post-dated that decision. The conduct of the employer, not the employee, determines when it discriminated. Defendant has failed to show the relevancy of the information sought by Interrogatory Nos. 7 and 8. Plaintiff's relevancy objections are sustained. The Court denies the motion to compel as to Interrogatory Nos. 7 and 8.

## II. Discovery regarding how long and how frequently Plaintiff nursed her newborn

Defendant also seeks to compel a response to Interrogatory No. 9. It asks Plaintiff to "[p]lease explain how long and how frequently you nursed your daughter." Plaintiff objected on grounds of irrelevancy.

This interrogatory on its face appears to seek nothing relevant to the claims and defenses in this case. Defendant bears the duty to show the relevancy. It argues that how long and how often she nursed her daughter is relevant to whether Plaintiff mitigated her damages by applying for employment. It suggests that the information will support its defense that she failed to mitigate and did not apply for any jobs between May and October 2009. Its argument continues that how long

4

and frequently Plaintiff nursed the daughter would demonstrate her priority either to be a primary caregiver or to apply for employment.

The Court finds no persuasion in the arguments of Defendant. It does not find that a request for information about the frequency and duration of nursing a child is reasonably calculated to lead to the discovery of admissible evidence. The existence of available employment to which Plaintiff failed to avail herself may indeed be relevant to the issue of mitigation. And her failure to take advantage of such opportunity may also be relevant. But that would be true, whether she was nursing a child or whether she failed to pursue the opportunity for some other reason or simply failed to pursue it for no valid reason at all. Her preoccupation with nursing, if that is the case, adds nothing of consequence to determine the issue. Defendant has failed to establish the relevancy of the information sought by Interrogatory No. 9. The Court sustains the objection of irrelevancy. It denies the motion to compel answer to Interrogatory No. 9.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Order Compelling Discovery (ECF No. 38) is moot in part and otherwise denied, as set forth herein.

**IT IS FURTHER ORDERED THAT** to the extent any party requests fees related to this motion, the Court finds that an award of fees is not appropriate under the circumstances.

Dated in Kansas City, Kansas on this 24th day of November, 2010

<u>S/ Gerald L. Rushfelt</u>
Gerald L. Rushfelt
U.S. Magistrate Judge

5